United States District Court
Southern District of Texas
**ENTERED**
July 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOE ORTEGA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:22-CV-00096 |
| § | |
| KILOLO KIJAKAZI, § | |
| § | |
| Defendant. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Plaintiff Joe Ortega filed his complaint (D.E. 1), seeking judicial review of the administrative decision to deny his social security disability benefits. The Commissioner filed an answer (D.E. 10) and the parties then submitted their briefs (D.E. 14, 16, 17). On March 14, 2023, United States Magistrate Judge Mitchel Neurock issued his Memorandum and Recommendation (M&R, D.E. 18), recommending that the Commissioner's decision be affirmed and that this case be dismissed. Now before the Court are Ortega's objections (D.E. 19) to the M&R. For the reasons discussed below, the Court **OVERRULES** Ortega's objections and **ADOPTS** the findings and conclusions in the M&R.

### BACKGROUND AND PROCEDURAL HISTORY

On November 22, 2019, Ortega filed for a period of disability, disability insurance benefits, and supplemental security income. D.E. 11-3, p. 15. His claims are based on degenerative disc disease of the lumbar spine, asthma, obesity, mild recurrent depression/bipolar disorder, and anxiety disorder. He alleges inability to function and/or

work as of December 13, 2018. *Id*. at 17.  Ortega's applications have been denied at every level of review preceding the objections before this Court because there is medical evidence that contradicts Ortega's claims.[1]

## STANDARDS OF REVIEW

### A. Magistrate Judge's Memorandum and Recommendation

The district court conducts a de novo review of any part of the magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  As to any portion for which no objection is filed, the court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

### B. Administrative Determination

Judicial review of the Commissioner's final decision is limited to whether it is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Martinez v. Chater,* 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

---

[1] The Commissioner denied Ortega's initial application on May 29, 2020, and subsequently denied his application on reconsideration on September 22, 2020. *Id.* at 15. On August 4, 2021, the Administrative Law Judge (ALJ) held a hearing and issued an unfavorable decision on August 27, 2021. *Id*. On March 7, 2022, the Appeals Council denied Ortega's request for review. *Id.* at 2. Subsequently, on May 5, 2022, Ortega commenced this action. D.E. 1. On March 14, 2023, the Magistrate Judge recommended that this Court affirm the ALJ's decision. D.E. 18.

A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986) (quoting *Parsons v. Heckler*, 739 F.2d 1334, 1339 (8th Cir. 1984)).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues de novo. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## DISCUSSION

Ortega objects to the M&R's finding that the Administrative Law Judge's (ALJ's) retained functional capacity (RFC) determination was supported by substantial evidence. D.E. 19, pp. 2-6. He maintains that the ALJ improperly discounted the opinions of the treating physician, Dr. Main, and the state agency psychological consultants, and

substituted his own medical judgments in determining that Ortega has the ability to perform light work with a few limitations. *Id*.

The responsibility for determining a claimant's RFC lies with the ALJ. *See Villa v. Sullivan*, 895 F.2d 1019, 1023 (5th Cir. 1990). The ALJ is not required to incorporate limitations in the RFC that the ALJ did not find the record supported.[2] "The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) (internal quotations omitted).

Here, the ALJ properly considered the evidence as a whole in determining that Ortega's RFC included the ability to perform light work pursuant to 20 C.F.R. §§ 404.1567(b) and 416.967(b). The ALJ discounted Dr. Main's conclusions because they were generally unsupported by his own evaluations, which noted no abnormalities in his examinations and considered Ortega's condition to be stable with the aid of his prescription medication. D.E. 11-3, p. 23; D.E. 11-22, p. 16; D.E. 11-23, p. 81. In addition, the ALJ explained that Dr. Main also seemed to rely on Ortega's complaints rather than his objective findings. D.E. 11-3, p. 23.

The ALJ found the evaluations of other examining physicians more persuasive in determining that Ortega had the capacity for light work. *Id*. For example, Dr. Cordell examined Ortega in August of 2020 and found that while Ortega had mild disc

---

[2] *See Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) ("The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record."); *Greenspan*, 38 F.3d at 237 ("Accordingly, when good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony. The good cause exceptions we have recognized include disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence.").

degeneration in L3-L4 and L4-L5, he had normal posture, no edema, no muscle spasm in his lumbar spine, and essentially normal muscle strength in his hips, knees, and ankles. D.E. 11-3, p. 23; D.E. 11-23, p. 41. And in July of 2021, Dr. McCarty found that Ortega had full range of motion in his back, no muscle spasm, no motor or sensory deficits, and a normal gait. D.E. 11-3, p. 24; D.E. 11-24, p. 4.

While Ortega points to other medical evidence before the ALJ, such as MRI results, in an attempt to disprove the ALJ's RFC determination, the Court finds that the ALJ properly considered the medical evidence in front of him in making his determination. Ortega states that he cannot afford a recommended surgery (D.E. 19, pp. 4-5), but nothing in the ALJ's reasoning relies on whether Ortega has surgery to improve his condition. *See* D.E. 11-3, pp. 17-26.

In regard to the state agency psychological consultants, the ALJ recognized that Ortega supplied additional medical records since their evaluation and Dr. Carr's treatment notes showed that Ortega had additional problems, including ongoing sleep problems, forgetfulness, and difficulty controlling his anger. D.E. 11-3, p. 23; D.E. 11-15, p. 49; D.E. 11-22, p. 75. The ALJ therefore found that the evidence supported the inclusion of additional mental limitations in the RFC determination. D.E. 11-3, p. 23.[3]

---

[3] Ortega also submits that the evidence establishes that he had limitations expected to last for a duration of 12 months and objects to the Magistrate Judge's analysis finding the opposite. D.E. 19, p. 4; *see* D.E. 18, p. 11. The Magistrate Judge misconstrued the ALJ's findings on this point as the ALJ found that "[t]he claimant provided sufficient evidence that [the severe impairments] are medically determinable, have more than a minimal effect on his ability to work and are expected to last twelve months or more." D.E. 11-3, p. 18. Ortega's objection on this matter is therefore **SUSTAINED**, but it is immaterial because the ALJ considered this limitation in his determination.

The ALJ discussed the evidence in the record in making his RFC determination and adequately explained the reasoning for such determination and for giving less weight to certain evidence; he appropriately exercised his responsibility as factfinder in weighing the evidence and in choosing to incorporate limitations into his RFC assessment that were most supported by the record. *See, e.g., Muse*, 925 F.2d at 790.[4] The Court therefore finds that there is substantial evidence in the record that supports the ALJ's RFC determination and Ortega's objection is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Ortega's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **SUSTAINS** Ortega's objection regarding the M&R's 12-month analysis and **OVERRULES** his remaining objections.

---

[4] Ortega also argues that the ALJ's RFC determination was improper because the ALJ must fully accept one of the physician's conclusions when there is conflicting medical evidence; otherwise, the ALJ is making a medical determination that he is unqualified to make. D.E. 19, p. 5. This argument is contrary to law, which delegates the ALJ "sole responsibility for determining a claimant's disability status" even when presented with conflicting medical evidence. *See Newton*, 209 F.3d at 455; *id*. ("The treating physician's opinions are not conclusive."). Here, the ALJ had good cause to divert from the physicians' conclusions and had ample support for the RFC determination. Because this case included conflicting medical opinions, it is distinguishable from those in which the ALJ renders a decision that reflects a medical opinion directly contrary to the only medical opinion(s) of record. *See, e.g., Garcia v. Berryhill*, No. EP-17-CV-00263-ATB, 2018 WL 1513688, at *2 (W.D. Tex. Mar. 27, 2018) ("However, the ALJ may not substitute her lay opinion for the uncontroverted medical opinion of the only physician who opined concerning the effects of Plaintiff's mental impairments.") (citations omitted); *Ripley*, 67 F.3d at 558 (holding that an ALJ may not—without opinions from medical experts—derive the applicant's RFC based solely on the evidence of his claimed medical conditions). The Court does not opine on the precedential value of these cases, which precede amendments to the regulations for applying the Social Security Act addressing the ALJ's treatment of medical evidence. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

Otherwise, the Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the Court **AFFIRMS** the Commissioner's decision, and Ortega's action (D.E. 1) is **DISMISSED**.

    **ORDERED** on July 26, 2023.

                                                      NELVA GONZALES RAMOS
                                                      UNITED STATES DISTRICT JUDGE